## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brock Fredin, <br><br> Plaintiff, <br><br> v. <br><br> Lyndsey M. Olson and the Attorneys of the Saint Paul City Attorney's Office, <br><br> Defendants. | Case No. 18-CV-2911 (SRN/HB) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Brock Fredin, Ramsey County Correctional Facility, 297 S. Century Ave., Saint Paul, Minnesota, 55119, pro se.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

This matter is before the Court for consideration of Plaintiff Brock Fredin's

Objections ("Obj.") dated February 21, 2019 [Doc. No. 21] to United States Magistrate

Judge Hildy Bowbeer's Report and Recommendation ("R&R") dated October 29, 2018

[Doc. No. 8]. The magistrate judge recommended that Fredin's application for leave to

proceed *in forma pauperis* ("IFP Application") [Doc. No. 3] be denied, the action be

dismissed without prejudice, and any request for a preliminary injunction or a *Younger*

bad faith hearing contained in Fredin's Memorandum [Doc. No. 2] be denied as moot.

For the reasons set forth below, Fredin's Objections are overruled and the R&R is

adopted.

## II.    BACKGROUND

Fredin filed a complaint [Doc. No. 1] ("Compl.") on October 11, 2018, against the attorneys of the Saint Paul City Attorney's Office ("SPCAO") and Lyndsey M. Olson, in her official capacity as the Saint Paul City Attorney. The Complaint raises various claims under the First, Fourth, and Fourteenth Amendments which the magistrate judge construed as claims for injunctive relief under 42 U.S.C. § 1983. Fredin's claims arise out of a number of criminal cases filed against him by the SPCAO.

In connection with the criminal cases pending against Fredin, a search warrant was obtained and a search of his then residence was subsequently conducted on April 28, 2017. (Compl. at 1.) A number of Fredin's allegations arise out of this search. Fredin alleges that Olson prosecuted him as a means to cover up a "violent assault" that occurred upon the execution of the search warrant. (R&R at 4.) Plaintiff further alleges that Olson and other SPCAO attorneys acted in concert with the Ramsey County District Court to deliberately deny Fredin sufficient opportunity to present constitutional defenses to his criminal complaints. (Id. at 9.) He also contends that the attorneys acted in bad faith in bringing the cases such that a hearing is required to determine if the bad faith exception to Younger abstention applies. (Id. at 4 and 12.)

Along with his Complaint, Fredin filed an IFP Application. As the magistrate judge recognized, an IFP application will be denied and an action dismissed if the applicant has filed a complaint that fails to state a cause of action on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In this case, the magistrate judge found that the action should be dismissed as to "the attorneys of the Saint Paul Attorney[']s Office" for

failure to appropriately name a party, and as to Defendant Olson for failure to state a claim on which relief can be granted. Further, the magistrate judge recommended that dismissal is compelled because Younger abstention is appropriate.

## III.    DISCUSSION

Pursuant to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

Much of Plaintiff's Objections proffer new allegations, none of which are contained in the originally filed Complaint, and thus they are not appropriately before this Court. (See, e.g., Obj. at 11) (stating "The presiding judge ignored IFP filings to prevent Plaintiff Fredin from filing a writ of prohibition in the Minnesota Court of Appeal. As a result, Plaintiff Fredin had no avenue to raise constitutional challenges[.]"). Plaintiff has also recently filed three affidavits [Doc. Nos. 22, 23, 24.], one of which is a statement by Fredin in which he proffers new allegations regarding his inability to access a law library or computers within prison and generally alleges mistreatment within the Ramsey County Correctional Facility. [Doc. No. 22.] The other two affidavits are statements by fellow Ramsey County Correctional Facility inmates corroborating the validity of Plaintiff's alleged inability to access legal materials and computers. [Doc. Nos. 23, 24.] None of the allegations presented in these affidavits are presented in Plaintiff's original Complaint, therefore the Court does not consider the information contained in these affidavits for

purposes of its review of the R&R and Plaintiff's Objections. New allegations aside, Plaintiff generally objects to the finding that an injunction is inappropriate in this case.

Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the purported claims against the defendant. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Numerous problems with the Complaint necessitate dismissal of this case without prejudice.

First, Fredin sues Olson in her official capacity, but in order to assert an official-capacity § 1983 claim, the complainant must allege the official implemented a policy or custom of the state entity. See Marsh v. Phelps Cty., 902 F.3d 745, 751 (8th Cir. 2018). Here, Fredin fails to allege such conduct by Olson on behalf of the City of Saint Paul. (See R&R at 6.)

Second, abstention is warranted here. Under Younger v. Harris, 401 U.S. 37 (1971), "[f]ederal court abstention in warranted when one of a few 'exceptional' types of parallel pending state court proceedings exist[.]" Banks v. Slay, 789 F.3d 919, 923 (8th Cir. 2015) (quoting Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 73 (2013)). Magistrate Judge Bowbeer provided a thorough analysis of Younger and its applicability here, finding that the underlying proceedings were criminal prosecutions, that Fredin had an opportunity to present constitutional challenges, and that no exception to abstention applies. (R&R at 7–13.) As to Fredin's opportunity to assert constitutional challenges in state court, the magistrate judge observed that Fredin had, in fact, asserted a First Amendment argument that the trial court rejected. (Id. at 9.) As Magistrate Judge Bowbeer noted, "This shows Fredin *failing to prevail* on an argument in state court, not

4

of him *lacking an opportunity* to make the argument." (Id. at 9–10) (emphasis in

original). The Court agrees with the magistrate judge that nothing prevented Fredin from

raising his constitutional challenges in state court.

An exception to Younger abstention arises on a showing of bad faith. Plouffe v.

Ligon, 606 F.3d 890, 893 (8th Cir. 2010). In this context, bad faith involves a prosecution

brought with no reasonable expectation of obtaining a valid conviction. Kugler v.

Helfant, 421 U.S. 117, 126 n.6 (1975). To support his argument that the criminal cases

against him are being brought in bad faith, Fredin cites Wilson v. Thompson, 593 F.2d

1375 (5th Cir. 1979). (Obj. at 6.) Even if this case were binding precedent, which it is not,

it is in no way analogous to the situation before this Court. In Wilson, the criminal

charges against the plaintiffs were reanimated after being placed on a so-called "dead

docket" where they sat untouched for over two years. Plaintiffs alleged and were then

able to prove that renewed efforts to prosecute defendants on their criminal claims were

made in retaliation for the plaintiffs' exercise of their First Amendment rights in bringing

a civil suit. 593 F.2d at 1377. The facts here stand in contrast. For example, Magistrate

Judge Bowbeer noted that Fredin has actually been convicted by a jury of stalking the

recipient of a restraining order against him. (R&R at 8.) The circumstances here belie

Fredin's claim that he has been prosecuted with no reasonable expectation of obtaining a

valid conviction, particularly since a valid conviction has been obtained. In sum, Fredin

has not alleged facts that plausibly support his claims of bad faith prosecution, as the

magistrate judge properly found.

The Court likewise agrees with the magistrate judge that a <u>Younger</u> evidentiary hearing is not warranted. The Court is unaware of any authority in the Eighth Circuit requiring such a hearing, nor do these facts necessitate a hearing. (<u>See</u> R&R at 15 n. 9.)

Finally, the Court also agrees that Fredin fails to properly name "[t]he attorneys of the [SPCAO]" as defendants. Such unknown defendants are more properly named as "Jane Doe" or "John Doe," pending discovery, or, if his suit is against the SPCAO as an entity, it may be asserted against the entity itself, provided Plaintiff has sufficient allegations to plausibly assert such claims. (<u>See</u> <u>id.</u> at 3.)

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's October 29, 2018 Report and Recommendation [Doc. No. 8] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 8];

3. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2] is **DENIED** because Plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted;

4. This action is **DISMISSED without prejudice**; and

5. Any request for a preliminary injunction or for a *Younger* bad faith hearing contained in Fredin's Memorandum [Doc. No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 7, 2019                    s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge